RICHARD GILLIAM,

                    Petitioner,

     - versus -

UNITED STATES OF AMERICA,

                    Respondent.

ORDER

13-cv-1271 (JG)

JOHN GLEESON, United States District Judge:

        Petitioner Richard Gilliam previously petitioned under 28 U.S.C. § 2255 for review of his conviction (following a guilty plea) and 528-month sentence for a drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A). *See* ECF No. 1; *see also United States v. Gilliam*, No. 08-cr-742 (E.D.N.Y.) (criminal case docket). In his previous submission, he was counseled by Gail Gray. *See* ECF No. 1. After oral argument on the motion on July 25, 2013, I issued an oral ruling denying Gilliam's claims and declining to issue a certificate of appealability. *See* July 25, 2013 docket entry. (I have attached a transcript of the July 25, 2013 argument and ruling to this order as Exhibit A.) On September 9, 2013, Gilliam appealed my order denying his petition. ECF No. 7. On February 26, 2014, the United States Court of Appeals for the Second Circuit denied Gilliam's request for a certificate of appealability; that order was filed in this court as a mandate on May 12, 2014. *See* ECF No. 8 (attaching certified copy of Second Circuit's order in *Gilliam v. United States*, No. 13-3631).

        Gilliam's latest filing, ECF No. 9, which was made pro se, seeks to amend or supplement Gilliam's original, counseled § 2255 petition. The request is dated May 24, 2014;

under the prison mailbox rule, that is deemed to be its filing date. *See Houston v. Lack*, 487 U.S. 266 (1988). The government has responded to the request to amend. *See* ECF No. 10.

Although I already denied Gilliam's initial petition and dismissed the case, Gilliam argues that the instant motion seeking amendment of his dismissed petition is permitted under *Whab v. United States*, 408 F.3d 116, 118-20 (2d Cir. 2005). But *Whab*, properly read, has no bearing on the outcome of Gilliam's request to amend. In *Whab*, the Second Circuit held that, as long as a prisoner has an appeal pending from the district court's denial of a § 2255 petition, that petition is not final. Therefore, a second habeas petition filed during that time should not be treated as "second or successive" within the meaning of §§ 2255(h) & 2244, requiring the Court of Appeals to exercise its gatekeeping function under *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (per curiam). Instead, the Circuit held in *Whab* that such a petition was properly addressed to the district court. The court specifically declined to order the district court in that case to treat the second petition as a motion to amend, let alone order it to grant leave to amend. *See Whab*, 408 F.3d at 119. Rather, the narrow focus of *Whab* is the proper court (district or appellate) to consider in the first instance a small set of habeas filings. It does not grant Gilliam any rights here in the district court; it holds only that I should not transfer his motion to the Second Circuit.

Gilliam filed this motion before time expired to seek review in the Supreme Court of the Second Circuit's denial of a certificate of appealability. Therefore, consistent with *Whab*, I do not construe Gilliam's motion as a "second or successive" habeas petition. Instead, I construe it as a motion to amend, which accords both with the language of the motion and with circuit precedent. *See, e.g., Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002). The question now before me, then, is whether Gilliam may amend his first petition. Amendment in

habeas cases is governed by Federal Rule of Civil Procedure 15, just as in any other civil case. *See* 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

As the government points out, any new claims Gilliam now wishes to add to his petition are barred by § 2255's one-year statute of limitations – unless Gilliam can show that these new claims relate back to the original petition's filing date under Rule 15(c). Thus, Gilliam must show that the new claims "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Here, relation back is unavailable for at least two reasons. Under Second Circuit precedent, Gilliam may not seek to relate any claims back to a petition that has already been dismissed. And even if I did consider the proposed amendments, Gilliam would not be permitted to amend: all of Gilliam's "Claim Two" grounds are barred because they essentially restate the grounds on which I denied his counseled petition; the remaining "Claim One" ground is barred by AEDPA's one-year statute of limitations.

First, the Second Circuit has held that "the 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000). That rule, and not *Whab*, is dispositive here. *See, e.g., Williams v. United States*, 09 CIV. 2179 NRB, 2013 WL 239839, at *2-3 (S.D.N.Y. Jan. 23, 2013) (expressly distinguishing *Whab* under similar circumstances, and upholding earlier decision denying leave to amend).

Second, even if *Warren* did not bar relation back, I would deny Gilliam's requests for amendment, since the claims are either duplicative of his earlier petition's arguments or time barred because they are insufficiently connected to his prior claims.

The arguments that Gilliam lists under "Claim Two" in his supporting memorandum – *see* Pet. Mem. at 8-12, ECF No. 9-1 – are best characterized as less persuasive versions of Gilliam's counseled argument that he was denied the effective assistance of counsel at sentencing. Gilliam now raises four arguments that amplify his previous § 2255 claim: he argues that his trial counsel should have discussed an extradition treaty with Colombia that he claims limits the sentencing authority of American judges in certain cases, with the result that Gilliam's sentence is higher than those of some drug kingpins; that counsel did not sufficiently emphasize the disparity between federal and state sentences for similar crimes; that counsel should have argued that the lower life expectancy for inmates was a basis for downward departure, and that the sentence imposed amounts to a life sentence; and that these errors and others had the cumulative effect of depriving him of effective assistance of counsel at sentencing.

As to all of these claims, I deny leave to amend as futile. *See, e.g., Feliciano v. United States*, 01 CIV. 9398 (PKL), 2009 WL 928140, at *2 (S.D.N.Y. Mar. 30, 2009). These additional purported bases for finding ineffective assistance at sentencing do not alter the view I stated when I ruled on Gilliam's prior petition from the bench. *See* Original § 2255 transcript, attached as Ex. A. Gilliam admitted to committing a horrific crime. He tortured his victim for nearly six hours before killing him. The government initially considered seeking the death penalty. Because Gilliam pled guilty, sparing the government and the victim's family from a public trial, and because of effective advocacy by his lawyers that highlighted his relationship with his children, I imposed a sentence short of life imprisonment. The arguments Gilliam now raises pale in comparison to the nature of the crime and the mitigating factors counsel presented at sentencing. In sum, there is no question that Gilliam's counsel at sentencing was

constitutionally effective; their failure to make these arguments did not fall below the standard of professional reasonableness, nor did the absence of those arguments in any way affect the sentence I ultimately imposed. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Therefore, leave to amend is denied as futile.

In his remaining argument (listed under "Claim One" in his memorandum, *see* Pet. Mem. at 1-8), Gilliam claims that his trial counsel did not effectively advise him, or misled him, on the likely sentencing consequences of his guilty plea. Because the claim is otherwise untimely, Gilliam may amend to add this claim only if he satisfies Rule 15(c)'s "conduct, transaction, or occurrence" test.

The Supreme Court held in *Mayle v. Felix*, 545 U.S. 644 (2005), that a new claim in a habeas case does not relate back to a previous claim simply because both challenge the same conviction. *Id*. at 664. Rather, the Court held that relation back is proper only "when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Id*. at 657 (internal quotation marks omitted).

Gilliam cannot satisfy *Mayle* here. The claim that counsel failed to advise him on the consequences of his plea is different in "both time and type," *Mayle*, 545 U.S. at 657, from his previous petition's arguments about deficient lawyering at sentencing. Specifically, the two claims depend on completely different records. For example, proof of the new claim would require affidavits or other testimonial evidence from both Gilliam and trial counsel about what his lawyer told him about the sentencing consequences of the plea. That record is entirely separate from the record necessary for the claims of ineffective assistance during sentencing,

5

which depended exclusively on the papers submitted and arguments made to me during sentencing. Thus, the claim does not relate back and is untimely.

        For all of these reasons, Gilliam's motion to amend is denied.

        So ordered.

                                        John Gleeson, U.S.D.J.

Dated:  Brooklyn, New York
         July 31, 2014